IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVE MOSES,**
      Petitioner,

   v.         CASE NO.  07-3028-SAC

**DAVID R. McKUNE,**
      Respondent.

<u>**O R D E R**</u>

  This petition was submitted on forms for filing a petition for writ of habeas corpus under 28 U.S.C. 2241, by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Petitioner has paid the filing fee.  Mr. Moses is serving consecutive terms of life and 15 years to life for First Degree Murder and Aggravated Robbery, entered upon his pleas of guilty in the District Court of Wyandotte County, Kansas, on January 29, 1993.  He seeks to overturn his guilty pleas and state convictions and sentences.  It follows that his claims are actually ones under 28 U.S.C. 2254, and this action is construed as such.

  Mr. Moses alleges his pleas were not knowing and voluntary and he was denied due process based upon the trial judge's alleged failure to abide by K.S.A. 22-3120 mandating enumeration of the constitutional rights being waived prior to accepting his plea.  He also claims he did not fill-out or sign the plea agreement.

  Having reviewed the materials filed by petitioner together with available state court opinions and the opinion in a prior federal case filed by Mr. Moses [<u>Moses v. McKune</u>, 03-3399-SAC (Dec. 2, 2003)], the court finds it appears the federal Petition has not been

timely filed and is successive.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. 2244(d)(2).

Petitioner alleges he appealed his convictions, and they were affirmed by the Kansas Supreme Court in Appellate Case No. 87794 (Dist.Ct. Case No. 93C4376) on August 30, 2002. The opinion of the Kansas Court of Appeals (KCOA) reveals more specifically that in 1993, Mr. Moses filed a motion under K.S.A. 60-1507 alleging ineffective assistance of counsel, involuntary plea, and illegal sentence, and counsel was appointed to represent him. The state district court held a hearing, and the motion was denied on April 7, 1994.

In 2001, Moses filed a motion in the district court for leave to file, out of time, a notice of appeal of the 1994 denial of his 1507 motion. This motion was denied as without good cause. Moses then filed a motion to alter or amend, claiming he had asked his attorney in 1994 to file a notice of appeal of the denial of his

1507 motion and had only recently learned that his case was not on appeal. This motion was denied as well, and Mr. Moses appealed both denials. The KCOA affirmed the district court on August 30, 2002. The Kansas Supreme Court denied a Petition for Review on November 5, 2002.

Also in 2001, Mr. Moses filed a motion to correct an illegal sentence, alleging violation of the Double Jeopardy Clause. This motion was denied by the state district court, and the denial was affirmed by the Kansas Supreme Court on October 25, 2002 (Appellate Case No. 87855).

On June 25, 2004, Mr. Moses filed a pro se motion to withdraw his pleas. Counsel was appointed, and a hearing was held on December 15, 2004. The district court denied the motion in a six-page opinion. The Kansas Supreme Court affirmed the district court's totality-of-the-circumstances analysis on February 3, 2006. State v. Moses, 280 Kan. 939, 127 P.3d 330 (Kan.App. 2006).

Petitioner filed a prior federal habeas corpus petition in 2003 challenging his Kansas convictions. See Moses v. McKune, Case No. 03-3399-SAC (Dec. 2, 2003, unpublished). His 2003 federal Petition was dismissed as time-barred under 28 U.S.C. 2244 based on the court's finding that petitioner "did not pursue relief between the time his action under K.S.A. 60-1507 was denied on March 30, 1994, until 2001, when he filed both a motion to correct an illegal sentence and a motion for leave to appeal out of time in the action under 60-1507."

Under 28 U.S.C. §2244(b)(3)(A), a second or successive petition

3

for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition.  Id.  Because this appears to be a successive application for habeas corpus relief, and because there is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit, the court concludes this matter must be transferred to the Court of Appeals for a determination whether this matter may proceed.

**IT IS THEREFORE ORDERED** that this matter is transferred to the United States Court of Appeals for the Tenth Circuit.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge